**Kyle A. Sturm, OSB 080214**
kyle.sturm@foremansturm.com
**Nicholas A. Thede, OSB 075460**
nick.thede@foremansturm.com
**Scott A. MacLaren, OSB 123799**
scott@foremansturm.com
FOREMAN STURM & THEDE LLP
3519 NE 15th Avenue #489
Portland, Oregon 97212
T: 503.206.5824

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| NAKIA D. WOODEN and RACHAEL WOODEN,<br><br>             Plaintiffs,<br><br>    v.<br><br>STATE FARM FIRE AND CASUALTY COMPANY,<br><br>             Defendant. | Case No.  3:23-cv-01019<br><br>COMPLAINT (Breach of Contract, Breach of the Implied Covenant of Good Faith and Fair Dealing, Negligence *Per Se*)<br><br>**(Jury Trial Demanded)** |

        COME NOW plaintiffs Nakia D. Wooden and Rachael Wooden, and for their claims against defendant State Farm Fire and Casualty Company, alleges as follows:

## PARTIES

        1.    Plaintiffs Nakia D. Wooden and Rachael Wooden (collectively, hereinafter, the "Woodens" or the "Plaintiffs") are individuals that reside in Portland, Oregon.

        2.    State Farm Fire and Casualty Company ("State Farm" or "Defendant") is a

corporation organized under the laws of Illinois, having its principal place of business in Bloomington, Illinois. At all material times, State Farm was licensed and authorized to issue insurance policies covering property located in Portland, Multnomah County, Oregon, including the insurance policy at issue in this lawsuit.

## JURISDICTION AND VENUE

3.      The Court has personal jurisdiction over all parties because State Farm regularly transacts business in Portland, Multnomah County, Oregon, including selling the subject insurance policy at issue in this lawsuit.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00

5.      Venue lies in this Court pursuant to 28 U.S.C. § 1391(a) because the events giving rise to this action occurred in Portland, Multnomah County, Oregon.

## FACTUAL ALLEGATIONS

6.      The Woodens own the dwelling and personal property located at Mt, Portland, Oregon 97229 (the "Property").

7.      State Farm sold the Woodens a homeowner's insurance policy, numbered 37-CV-N521-4 (the "Policy").

8.      The Policy covered the Property, including additional living expenses (ALE) due to loss of use of the Property, subject to the terms, conditions, limitations, exclusions, and exceptions stated therein.

9.      The Policy was issued for valuable consideration in the form of premiums.

10.     The Woodens paid all premiums as they became due.

11.     On or about December 24, 2022, while the Policy was in effect, the Property sustained water damage from a broken pipe. The water damage continued through approximately December 31, 2022, when the Woodens returned from vacation to discover the property damage. The water damage to the Property that occurred from December 24-31, 2022, is referred to as the

"Loss."

12.     The cost to repair or replace the entirety of the damage to the Property caused by the Loss, including any ALE resulting from the Loss, is covered under the Policy.

13.     Upon discovering the Loss, the Woodens promptly tendered a claim to State Farm under the Policy for the damage to the Property due to the Loss, which was formally designated by State Farm as claim number 37-43S8-64V (the "Claim").

14.     State Farm acknowledged the Policy covers the Claim.

15.     Shortly after acknowledging coverage for the Claim, the Woodens requested rental accommodations while their home was uninhabitable. The Woodens had a newborn child and stability was important. State Farm initially only approved short-term stays at hotels and Airbnbs, which forced the Woodens to move multiple times, and which caused great stress on their family. State Farm eventually authorized a longer (9-month) rental home, but (as further alleged below) has already informed the Woodens that it will terminate such rental home in November.

16.     The Woodens have complied with all conditions required of them under the terms of the Policy, including, without limitation, retaining the services of a mitigation contractor to remediate and limit the scope of damage to the Property. The Woodens have also complied with all of State Farm's requests during its investigation and adjustment of the Claim, including, without limitation, providing all responsive information and documents requested by State Farm.

17.     State Farm has made payments on the Claim to the Woodens, including for damage to the dwelling, damage to personal property, and for ALE due to the Loss.

18.     The Woodens have provided State Farm with the commercially reasonable amount necessary to repair the Property to its pre-Loss condition.

19.     The payments issued by State Farm on the Claim to the Woodens are insufficient to pay the cost to repair the Property to its pre-Loss condition and to pay for their loss of use of the Property.

20.     Due to State Farm's delayed and insufficient payments on the Claim, the Woodens retained the services of a licensed public adjuster to assist with recovering the full amount State

Farm owes on the Claim.

21.     The Woodens, with the assistance of their public adjuster and contractor, have, on several occasions, requested that State Farm reconsider the amount paid on the Claim.  State Farm has rejected the requests and refused to issue additional payment on the Claim.

22.     Due to State Farm's delayed and insufficient payments on the Claim, the Woodens have not been able to commence or complete the reasonable and necessary repairs to the Property to return it to its pre-Loss condition. Although the Woodens have not been able to repair the Property to pre-Loss condition, they are entitled under the Policy to the full replacement cost value of the damage to the Property due to the Loss because State Farm's breach of the Policy prevented the Woodens from complying with the condition required to receive replacement cost benefits.

23.     State Farm's failure to issue full payment to the Woodens on the Claim constitutes a breach of the Policy.

24.     State Farm informed the Woodens that their ALE coverage under the Policy will prematurely be terminated in November 2023. The Woodens are entitled under the Policy to ALE benefits through the reasonable period of restoration of the Property, which is estimated to be six months from the commencement of restoration work. The Woodens have not been able to start restoration work due to the insufficient payments by State Farm on the Claim, meaning the reasonable period of restoration has not started. The Woodens are entitled under the Policy to ALE benefits from the date State Farm issues full payment on the Claim through the six-month period of restoration.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF

#### (Count 1 - Breach of Contract - Express)

25.     The Woodens incorporate the preceding paragraphs as if fully stated herein.

26.     The Policy constitutes a valid, enforceable contract between the Woodens and State Farm.

27.     State Farm breached the terms of the Policy by failing to fully pay the Claim.

28.     As a direct and proximate result of State Farm's breach of the Policy, the Woodens have been damaged in an amount to be proven at the time of trial, but which exceeds $75,000.

29.     The Woodens are entitled to recover their attorney fees and costs from State Farm pursuant to ORS 742.061.

30.     The Woodens are entitled to recover prejudgment interest pursuant to ORS 82.010.

**(Count 2 – Breach of Contract – Implied Covenant of Good Faith and Fair Dealing)**

31.     The Woodens incorporate the preceding paragraphs as if fully stated herein.

32.     The implied terms of the Policy include State Farm's promise to act in good faith and to deal fairly with the Woodens in all matters related to the Policy, including the evaluation, investigation, adjustment, and payment of the Claim.

33.     State Farm violated the implied covenant of good faith and fair dealing during its evaluation, investigation, and adjustment of the Claim in at least the following particulars:

    a.  Failing to acknowledge and act promptly upon communications relating to claims, in violation of ORS 746.230(1)(b);

    b.  Failing to adopt and implement reasonable standard for the prompt investigation of claims, in violation of ORS 746.230(1)(c);

    c.  Refusing to fully pay the Claim without conducting a reasonable investigation based on all available information, in violation of ORS 746.230(1)(d);

    d.  Failing to affirm or deny coverage of the Claim within a reasonable time after the Woodens provided proof of loss, in violation of ORS 746.230(1)(e);

    e.  Not attempting, in good faith, to settle the Claim when liability was reasonably clear, in violation of ORS 746.230(1)(f);

    f.  Compelling the Woodens to retain counsel and a public adjuster to file a lawsuit to receive benefits owed under the Policy by refusing to fully pay the Claim, in violation of ORS 746.230(1)(g); and

    g.  Refusing or failing to adjust the claim in a fair and reasonable manner.

34.     State Farm's refusal to act in good faith constitutes a breach of the Policy.

35.    As a result of the breach of the implied covenant of good faith and fair dealing, the Woodens have been damaged in an amount to be proven at trial, but which exceeds $75,000.

36.    The Woodens are entitled to recover their attorney fees and costs from State Farm pursuant to ORS 742.061.

37.    The Woodens are entitled to recover prejudgment interest pursuant to ORS 82.010.

### SECOND CLAIM FOR RELIEF

### (Negligence *Per Se*)

38.    The Woodens incorporates the preceding paragraphs as if fully stated herein.

39.    The Oregon Legislature, through ORS 746.230, has prescribed a standard of care in its performance of insurance contracts that is independent of, in addition to, and outside the terms of the Policy. As policyholders, the Woodens are members of the class of individuals ORS 746.230 is designed to protect.

40.    State Farm negligently performed its obligations under ORS 746.230 in its review, investigation, and adjustment of the Claim in one or more of the following particulars:

    a.    Failing to acknowledge and act promptly upon communications relating to claims, in violation of ORS 746.230(1)(b);

    b.    Failing to adopt and implement reasonable standard for the prompt investigation of claims, in violation of ORS 746.230(1)(c);

    c.    Refusing to fully pay Woodens' Claim without conducting a reasonable investigation based on all available information, in violation of ORS 746.230(1)(d);

    d.    Failing to affirm or deny coverage of the Claim within a reasonable time after Woodens provided proof of loss, in violation of ORS 746.230(1)(e);

    e.    Not attempting, in good faith, to settle the Claim when liability was reasonably clear, in violation of ORS 746.230(1)(f);

     f.   Compelling Woodens to retain counsel and file a lawsuit to receive benefits owed under the Policy by refusing to fully pay the Claim, in violation of ORS 746.230(1)(g); and

     g.   Refusing or failing to adjust the claim in a fair and reasonable manner.

41.    State Farm knew, or in the exercise of reasonable care as an insurance business, should have known, that one or more of the foregoing acts or omissions would create an unreasonable risk of harm to the Woodens, as its insureds. As a business engaged in the marketing and selling of insurance to provide coverage for homeowners who suffer covered water loss, State Farm knew or had reason to know that when it issues an homeowners insurance policy to a policyholder that a foreseeable and probable consequence of its failure to provide insurance benefits in accordance with the Policy would be to cause the policyholder to suffer the adverse effects of having to unnecessarily and unreasonably be required to spend time, effort, and additional monetary resources, which results directly in stress, emotional harm, and financial hardship to the policyholders. State Farm also knew or had reason to know that when it issued the Policy that a primary reason policyholders purchase such insurance is to relieve the stress, emotional distress, and financial hardship caused by significant property losses, such as those caused by water loss. As a direct and proximate result of State Farm's negligent performance of its statutory obligations when administering the Policy, the Woodens suffered the non-economic loss of increased stress, emotional distress, anxiety and resulting physical symptoms and harm including, but not limited to loss of sleep, fatigue, headaches and muscle aches, caused by, among other things, raising a newborn child at an unfamiliar property for an unreasonably long period of time; having to locate and secure alternative living arrangements and moving multiple times; being forced to spend substantial time and effort on the Claim, including providing repetitive or redundant information to State Farm's several claim adjusters; being unable to use their dwelling for an unnecessarily long period of time and having to live in an unfamiliar setting; dealing with delays and the uncertainty associated with whether State Farm will full cover the Claim as promised and State Farm's violations of ORS 746.230; having to locate and engage a public

adjuster and attorneys to assist secure benefits from State Farm that are owed under the Policy; and unnecessarily and unreasonably spending additional financial resources on the Claim, in an amount exceeding $75,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs Nakia D. Wooden and Rachael Wooden pray for judgment as follows:

1.      That judgment be entered in favor of plaintiffs Nakia D. Wooden and Rachael Wooden, and against defendant State Farm Property and Casualty Company, on each of the claims stated herein.

2.      On the First Claims for Relief, including each separate count, for damages in an amount to be proven with specificity at the time of trial and subject to ongoing investigation and discovery as this matter proceeds, but which are in excess of $75,000.

3.      On the Second Claim for Relief, for damages in an amount to be proven at the time of trial, but which are in excess of $75,000.

4.      That they recover pre- and post-judgment interest at the maximum legal rate.

5.      That they recover attorney fees and costs pursuant to ORS 742.061.

6.      That they be awarded such other relief as is just and proper.

DATED:  July 13, 2023                Respectfully submitted,

                                     FOREMAN STURM & THEDE LLP

                                     By: */s/ Kyle A. Sturm*
                                     **Kyle A. Sturm, OSB No. 080214**
                                     Kyle.sturm@foremansturm.com

                                     By: */s/ Nicholas A. Thede*
                                     **Nicholas A. Thede, OSB No. 075460**
                                     Nick.thede@foremansturm.com

                                     By: */s/ Scott A. MacLaren*
                                     **Scott A. MacLaren, OSB No. 123799**
                                     scott@foremansturm.com

                                     Attorneys for Plaintiffs Nakia D. Wooden and Rachael
                                     Wooden